# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No.: 8:16-cr-518-WFJ-TGW

JIPSON DAMIAN TOALA

_____/

## <u>ORDER</u>

Citing Amendment 821 to the United States Sentencing Guidelines, Jipson Damian Toala, USM#: 68002-018, moves (Dkt. 104) unopposed for a reduction in sentence.  Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced."  Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On June 30, 2017, Jipson Damian Toala was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) to 135 months. Jipson Damian Toala's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I.  Mr. Toala's advisory sentencing range was 135-168 months, and he received a sentence at the bottom of the advisory range.  The USPO memorandum reports that his projected release is June 24, 2025.[1]

---

[1] The BOP website shows a release date one year later, June 24, 2026.  *See* https://www.bop.gov/inmateloc/ (last checked 10/22/24).

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Jipson Damian Toala is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 120-135.  The Federal Defender appears, confirms Jipson Damian Toala's eligibility for a reduction, and moves unopposed to reduce his sentence to 120 months (a 15-month reduction in sentence).

The Court exercises its discretion to deny such a reduction.  The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and finds that the factors militate against a reduction.  The defendants in this large marine smuggling venture obstructed the investigation by jettisoning contraband before the Coast Guard was forced to fire upon their boat to disable and stop it.  Almost a ton of cocaine was recovered, despite this dangerous obstruction.  The sentence now in place is the just one.  18 U.S.C. § 3553(a)(2)(A) would be impaired by a reduction.  Such a reduction would not reflect the seriousness of the offense or promote respect for the law.

Mr. Jipson Damian Toala's motion (Dkt. 104) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on October 28, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE